**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDEEP RANDHAWA SINGH, | No. 12-73130 |
| Petitioner, | Agency No. A047-655-976 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Sandeep Randhawa Singh, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen.  *Mohammed v. Gonzales*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

400 F.3d 785, 791 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's untimely motion to reopen to apply for special rule cancellation of removal for battered spouses where Singh filed his motion six years after his final order of removal, and he failed to demonstrate that the one-year filing deadline should be waived due to extraordinary circumstances.  *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).  Singh's contention that the BIA did not address the evidence regarding his extraordinary circumstances claim is belied by the record.

In his opening brief, Singh fails to raise, and therefore has waived, any challenge to the BIA's determination that his motion to reopen to apply for a hardship waiver under 8 U.S.C. § 1186a(c)(4)(A) was untimely.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in a petitioner's opening brief are deemed waived).  Accordingly, we need not reach Singh's arguments regarding the BIA's failure to consider evidence with respect to the hardship waiver.

We lack jurisdiction to review the BIA's discretionary decision to not reopen removal proceedings sua sponte.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818,

823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**